# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

RONALD NATION                                                    PETITIONER

v.                              NO. 2:04CV00223 GH/HDY

LINDA SANDERS, Warden, FCI                                      RESPONDENT
Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge George Howard, Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following in a "Statement of Necessity":

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

**DISPOSITION**

Petitioner Ronald Nation ("Nation") commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In his petition, he alleged the following:

> [Nation] ... is a 69 year old male ... [H]e was sentenced to serve a term of imprisonment of 30 months, followed by a 3 year term of Supervised Release.

> [Nation] is currently scheduled for release to a halfway house ("CCC") on April 27, 2005. Under this computation, [he] will receive only 90 days CCC placement, [this] despite his overwhelming need for extended placement.

> Since October 18, 2004, when the United States Court of Appeals for the Eighth Circuit handed down their opinion in Elwood v. Jeter ..., [Nation] has pleaded with his Unit Team to permit him extended placement in a CCC, that is, at least six months, however, the Unit Team has steadfastly refused to consider [his] request for additional placement time, citing unlawful reasons for their determination.

> [Nation] has set forth for the Unit Team that he is [in] need of Medical Treatment which he can only obtain while he is not incarcerated ([cataract] surgery), which the BOP has refused to provide, citing the length of his sentence, and the cost of the procedure. Moreover, Respondents have denied [him] extended placement, citing that he is "too old," and would be collecting Social Security anyway.

> ...

> It is the contention that [Nation] should be released to a CCC no later than January 27, 2005, so as to assist in his reintegration back into his community, and so that he may pursue having his vision fixed, as he is virtually blind at present.

-3-

Therefore, the Court should ... issue [a] writ directing the respondent to forthwith transfer him to a CCC commensurate with his release residence.

See Document 1 at 3-5.

Nation amended his initial petition shortly thereafter by filing an amended petition. In his amended petition, he alleged the following:

... [Nation] filed his original action ... alleging ... that he is entitled to extended placement in a halfway house ("CCC"), but that respondent has abused her discretion in denying such placement to [Nation].

On Page 3 of [Nation's] petition, [he] states that he is presently scheduled for release on or about April 27, 2005.

However, the correct date of his release to a CCC is May 10, 2005. Therefore, [Nation] moves to amend the date as stated above.

Additionally, as a result of the filing of this action, respondent has withdrawn from any further consideration in regard to permitting him extended CCC placement.

According to [Nation's] unit team, in a meeting held on December 11, 2004, in the presence of [Nation], it was explained that his release date would be amended to reflect a date of April 10, 2005. However, as a result of ... filing grievances in the above matter, and trying to resolve the issues informally, the respondent punished him by denying him further consideration for extended CCC placement, and in a reply to an attempt at informal resolution ..., the Unit Manager replied that there was no space in the CCC, that is, bed space, and therefore [Nation's] request could not [be] [accommodated].

However, [Nation] learned soon after, that this was not the case, and in fact the CCC was at less than 80% capacity.

This illuminated the probability that the respondent was retaliating against [Nation] for his filing of grievances, and for filing the instant action.

See Document 4 at 1-2.

Respondent Linda Sanders ("Sanders"), the Warden of the Federal Correctional Institution ("FCI") in Forrest City, Arkansas, subsequently filed a one-sentence response to Nation's petition. Sanders alleged in the response that "[the] [Bureau of Prisons] did attempt to procure more halfway house time for [Nation] but was unsuccessful in that there was no space for him earlier than the May 10, 2005, date." See Document 6. In support of that assertion, Sanders submitted a declaration from Reda Kimble ("Kimble"), a Case Manager at FCI Forrest City. In the declaration, Kimble represented the following:

> (1) I make this declaration as it relates to case number 2:04CV00223, Ronald Nation vs. Linda Sanders, Warden. Inmate Ronald Nation ... seeks additional halfway house time in lieu of Elwood v. Jeter, ...
>
> (2) Inmate Nation's Projected Release date is July 7, 2005, and he currently has a halfway house date of May 10, 2005.
>
> (3) I contacted, vie e-mail, the Community Corrections Manager (CCM) Mr. Matthew Knitter in Chicago for additional halfway house time. Apparently, my request was forwarded to someone else because I received an e-mail back stating that their bed situation will not permit additional halfway house time for Inmate Nation. [Footnote: see attached e-mail from Bruce Barnard to Kay Halle dated December 22, 2004, subject Nation].

(4) Program Statement 7310.04 <u>Community Corrections Center (CCC)</u> <u>Utilization and Transfer Procedures</u> state[s] in section 9 page 8 that the "CCM shall adhere to the recommended date, with any adjustments only being downward if budget and/or bed space constraints are a factor." ...

<u>See</u> Document 6, Declaration of Reda Kimble at 1-2.

The Court began reviewing the record in this proceeding but, in doing so, noted that May 10, 2005–the date on which Nation was scheduled to be transferred to a community corrections center ("halfway house")–had come and gone. Because it was likely that he had obtained the relief he sought in commencing the proceeding at bar, <u>i.e.</u>, a transfer to a halfway house, albeit not as soon as he wanted, the Court desired to know the status of this proceeding. The Court specifically desired to know whether Nation is currently residing in a halfway house and, if so, why this proceeding is not now moot. The parties were given up to, and including, June 8, 2005, to notify the Court of whether Nation is currently residing in a halfway house; if so, why this proceeding is not now moot; and any other matter that may be germane to this proceeding.

Sanders, in response, filed a one-sentence status report. In full, the report contained the following representation: "On May 10, 2005, [Nation] was transferred to a halfway house." <u>See</u> Document 8. Sanders attached several documents to the response; they reflect that Nation was transferred to a halfway house in the State of Illinois. Nation filed nothing, and the time for doing so has passed. The Court is now prepared to address the petitions at bar.

The Court accepts as true Sanders' representation that Nation was transferred to a halfway house on May 10, 2005. In light of that fact, the inquiry for the Court is whether this proceeding is now moot. Article III, Section 2 of the United States Constitution limits federal court jurisdiction to cases and controversies.

> This case-or-controversy limitation serves "two complementary" purposes. [Citation omitted]. It limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government." [Citation omitted]. Likewise, mootness has two aspects: "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." [Citation omitted].

See United States Parole Commission v. Geraghty, 445 U.S. 388, 395-96 (1980).

It is difficult to see how the issues presented in this proceeding are still "live." Nation commenced the proceeding in hopes of expediting his entry into a halfway house. He has now been placed in a halfway house, although his entry did not occur as soon as he wished. He cannot show a collateral consequence flowing from his delay in gaining access to the halfway house. A ruling now in Nation's favor would change nothing; the Court can no longer grant the relief he requested in commencing the proceeding. A justiciable controversy is therefore not presented, and this proceeding is moot.[1]

---

[1]

"Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." See Flast v. Cohen, 392 U.S. 83, 95 (1968).

Given the foregoing, the undersigned recommends that Nation's petition be denied and this proceeding be dismissed.  All requested relief should be denied, and judgment should be entered for Sanders.

DATED this ____12_____ day of _____July_____, 2005.


_____
UNITED STATES MAGISTRATE JUDGE